

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

ERIC T. SCHNEIDERMAN
ATTORNEY GENERAL

BARBARA D. UNDERWOOD
SOLICITOR GENERAL

**By CM/ECF**

February 10, 2015

Hon. Catherine O'Hagan Wolfe
Clerk of Court
United States Court of Appeals
 for the Second Circuit
40 Foley Square
New York, New York 10007

Re: *Expressions Hair Design v. Schneiderman*, Nos. 13-4533, 13-4537

Dear Ms. Wolfe:

The Attorney General of the State of New York submits this letter under FRAP 28(j) to inform this Court of a recent opinion by the United States District Court for the Western District of Texas in *Rowell v. Pettijohn*, No. 14-cv-190 (Feb. 4, 2015) (attached).

The *Rowell* plaintiffs challenged a Texas statute nearly identical to the New York statute at issue in *Expressions*. Both laws prohibit sellers from imposing credit-card surcharges but allow sellers to provide cash discounts. Order at 4-5; AG Br. at 5. The *Rowell* plaintiffs (represented by the same counsel as the *Expressions* plaintiffs) claimed that Texas's statute violates the First Amendment and is impermissibly vague under the Due Process Clause. Order at 2-3.

The district court upheld Texas's surcharge prohibition as a permissible regulation of "a pricing practice." *Id.* at 6-7. Expressly rejecting the reasoning of the district court in *Expressions*, the court concluded that the surcharge prohibition is a traditional "economic regulation" that "regulates only [the] prices charged" by merchants without implicating the First Amendment. *Id.* The court explained that the surcharge prohibition prevents "merchants from charging an additional fee to customers using credit cards"—an "economic endeavor" that does not involve any "protected speech." *Id.* at 7. And the court further explained that merchants' ability to provide cash discounts does not transform the surcharge prohibition from an economic regulation into a speech restriction because "[p]ermitting one kind of

Page 2

pricing strategy (discounts for cash purchases) and forbidding another (surcharges on credit-card purchases)" are both means of regulating "a pricing practice." *Id.*

The court also rejected the plaintiffs' vagueness challenge because the surcharge prohibition is a "simple and straightforward" statute that "proscribes a single activity"—"the tacking of an additional charge to the price for a credit-card payment." *Id.* at 9.

*Rowell*'s reasoning is correct and provides further support for the constitutionality of New York's surcharge prohibition. *See* AG Br. at 27-45, 55-61.

                                        Respectfully submitted,

                                        /s/ *Judith Vale*

                                        Judith Vale
                                        Assistant Solicitor General
                                        (212) 416-6274
                                        judith.vale@ag.ny.gov

cc (via CM/ECF):

All counsel of record

FILED

2015 FEB -4 PM 2:39

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS

BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| LYNN ROWELL D/B/A BEAUMONT GREENERY; MPC DATA AND COMMUNICATIONS, INC.; MICAH COOKSEY; NXT PROPERTIES, INC.; MARK HARKEN; MONTGOMERY CHANDLER, INC.; PAULA COOK; TOWNSLEY DESIGNS, LLC; AND SHONDA TOWNSLEY, <br>  PLAINTIFFS, <br> <br> V. <br> LESLIE L. PETTIJOHN, IN HER OFFICIAL CAPACITY AS COMMISSIONER OF THE OFFICE OF CONSUMER CREDIT COMMISSIONER OF THE STATE OF TEXAS, <br>  DEFENDANT. | CAUSE NO. A-14-CA-190-LY |

## ORDER GRANTING MOTION TO DISMISS

Before the court is the above styled and numbered action by which the Plaintiffs, each a Texas merchant, allege that the Texas Finance Code's prohibition against imposing a surcharge on credit-card purchases violates the merchants' free-speech rights, and that the prohibition provision is void for vagueness under the United States Constitution. *See* Tex. Fin. Code Ann. § 339.001 (West Supp. 2014) ("Anti-Surcharge law" or "law").[1] Pending in this action are, *inter alia*,

---

[1] The Anti-Surcharge law provides:

> (a) In a sale of goods or services, a seller may not impose a surcharge on a buyer who uses a credit card for an extension of credit instead of cash, a check, or a similar means of payment.
>
> (b) This section does not apply to a state agency, county, local governmental entity, or other governmental entity that accepts a credit card for the payment of fees, taxes, or other charges.

Defendants' Motion to Dismiss Plaintiffs' Amended Complaint and Incorporated Memorandum of Law filed July 30, 2014 (Clerk's Document No. 31) by Defendant Leslie L. Pettijohn, in her official capacity as Commissioner of the Office of Consumer Credit Commissioner of the State of Texas's ("Commissioner"); Plaintiffs' Opposition to Defendants' Motion to Dismiss filed August 27, 2014 (Clerk's Document No. 43); and the [Commissioner's] Reply in Support of Motion to Dismiss filed September 10, 2014 (Clerk's Document No. 44).[2] On October 8, 2014, the court held a hearing on the Commissioner's motion at which the parties were represented by counsel. Having considered the motion, the response, the reply, the pleadings, the arguments of counsel, and the applicable law, the court concludes that the Texas Anti-Surcharge law does not violate the merchants' free-speech rights nor is the law void for vagueness under the Constitution. The court, therefore, grants the Commissioner's motion and dismisses this action with prejudice.

The merchants allege that the Anti-Surcharge law is an improper speech regulation, in violation of the First Amendment, that deprives them of the right to tell a customer that goods or services will cost more if paid for with a credit card rather than cash. *See* 42 U.S.C. § 1983.

---

> (c) The consumer credit commissioner has exclusive jurisdiction to enforce this section.
>
> (d) The Finance Commission of Texas may adopt rules relating to this section. Rules adopted pursuant to this section shall be consistent with federal laws and regulations governing credit card transactions described by this section.
>
> (e) This section does not create a cause of action against an individual for violation of this section.

Tex. Fin. Code Ann. § 339.001 (West Supp. 2014).

[2] Also pending is Plaintiffs' Motion for a Preliminary Injunction filed July 30, 2014 (Clerk's Document No. 32).

Specifically, the merchants contend that they are being unlawfully restricted to telling a customer that the posted price of a merchant's goods and services will be less if paid in cash, when what the merchant prefers to tell the customer is that the posted price is higher due only to the transaction fee credit-card companies charge the merchant, which the merchant, in turn, passes along as a surcharge when the customer pays with a credit card. Thus, the merchants want to say to a customer that the cash price of an item is "the price," and that price goes up only for those customers who pay by credit card.

Additionally, the merchants allege that the Anti-Surcharge law violates the Due Process Clause of the Fourteenth Amendment to the United States Constitution, because the law is void for vagueness. *See* 42 U.S.C. § 1983. The merchants allege that the law does not provide guidance about what is permitted speech and further fails to "provide a person of ordinary intelligence [a] reasonable opportunity to know what is prohibited." Finally, the merchants allege the law is vague because it "lacks explicit standards for those charged with its enforcement" and, therefore, "invites arbitrary and discriminatory enforcement." The merchants seek declaratory and injunctive relief that would bar the Commissioner from enforcing the Anti-Surcharge law. *See* 28 U.S.C. §§ 2201-02.

The Commissioner moves to dismiss the action, contending that the Anti-Surcharge law does not regulate in any manner the merchants' speech and, therefore, is outside the ambit of the First Amendment's protection. The Commissioner argues that the Anti-Surcharge law was enacted pursuant to the state's police power and is a proper economic regulation of conduct–a price regulation–that prohibits merchants from charging more for an item that is paid for with a credit card. Additionally, the Commissioner argues that, as a matter of law, the Anti-Surcharge law does not contain confusing words or standards that render the law unconstitutionally vague.

A court may dismiss a claim on the basis of a dispositive issue of law. *See* Fed. R. Civ. P. 12(b)(6); *Neitzke v. Williams*, 490 U.S. 319, 326 (1989). "This procedure, operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and factfinding." *Neitzke*, 490 U.S. at 326-27. " If as a matter of law it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations, a claim must be dismissed, without regard to whether it is based on an outlandish legal theory or on a close but ultimately unavailing one." *Id.* at 327 (internal quotations and citations omitted).

***First-Amendment claim***

"A party invoking the protection of the First Amendment has the burden to prove that it applies." *Voting for Am., Inc. v. Steen*, 732 F.3d 382, 388 (5th Cir. 2013) (quoting *Clark v. Community for Creative Non-Violence*, 468 U.S. 288, 293 n.5 (1984)). Before declaring a state law unconstitutional, the court is to closely examine "from a practical standpoint" the nature of the exact conduct subject to the regulation. *Voting for Am.*, 732 F.3d at 389-91. Courts should "resort to every reasonable construction . . . in order to save a statute from unconstitutionality." *National Fed. of Indep. Bus. v. Sebelius*, ___ U.S. ___; 132 S. Ct. 2566, 2594 (2012); *see also Texas Med. Providers Performing Abortion Svcs. v. Lakey*, 667 F.3d 570, 581 (5th Cir. 2012).

The merchants allege that the court must consider the effect of the Anti-Surcharge law to the extent that the law regulates how a merchant may speak about or convey to a customer the price difference the merchant may lawfully charge for credit-card and cash purchases. The merchants argue that the law allows a merchant to tell a customer only that the customer is paying *less* for an item by using cash or other means of payment–a discount–and the merchant violates the law by

4

telling its customer that the customer is paying *more* for an item if the customer uses a credit card–a surcharge. All of the merchants offer a single price for goods and services regardless of the form of payment. None has attempted to engage in lawful dual pricing–presenting customers with a pricing program that offers discounts to cash purchasers.[3]

The Commissioner responds that the Anti-Surcharge law includes no prohibition or restriction on what a merchant may say or convey to a customer. Therefore, issue is joined initially as to whether the Anti-Surcharge law gives rise to a First Amendment speech issue. Specifically, the Commissioner argues that a merchant may, without threat of enforcement of the Anti-Surcharge law, convey to a customer that the merchant incurs a credit-card-transaction fee each time a customer uses a credit card for payment, this fee cuts into the merchant's profit, and the merchant would prefer a price regulation that allows the merchant to pass on the transaction fee directly to the customer using the credit card.

The merchants' arguments follow closely the facts and reasoning in the Preliminary Injunction, Opinion, and Order rendered in *Expressions Hair Design v. Schneiderman*, 975 F. Supp. 2d 430 (S.D.N.Y. 2013) (appeal pending Cause Nos. 13-4533, 13-4537 (2d Cir.)). In *Expressions*, as here, merchants argued that a merchant pays a transaction fee of two to three percent per credit purchase and, to cover that fee, the merchant would like to charge a higher price for a credit transaction than a cash transaction. *Id.* at 439. The New York merchants argued that New York's no-surcharge law, similar to the Texas law, prohibits any surcharges for credit purchases. The New York merchants, however, did not want to frame such a price difference as a cash discount. By

---

[3] All parties agree that nothing in the Anti-Surcharge law prohibits dual pricing such that a merchant may have a cash price that is less than the posted price, but none of the merchants offer such a price plan.

doing so, the merchants argued, the discounted price makes it appear that the advertised price is higher than it actually is, and does not make it transparent that the higher price is due solely to a credit-card-transaction fee. *Id.* The *Expressions* court concluded that the New York no-surcharge law, "draws the line between prohibited 'surcharges' and permissible 'discounts' based on words and labels, rather than economic realities. So read the statute clearly regulates speech, not conduct, and does so by banning disfavored expression." *Id.* at 444.

This court declines to adopt or follow the *Expressions* court's analysis and reasoning. This court finds and concludes that the Texas Anti-Surcharge law regulates only prices charged, an economic activity that is within the state's police power, and does not implicate First Amendment speech rights. *See generally Villas at Parkside Partners v. City of Farmers Branch*, 726 F.3d 524, 565 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1491 (2014). The state has "broad authority to regulate economic conduct" pursuant to the police power, including "the prices to be charged for [] products." *Nebbia v. New York*, 291 U.S. 502, 537 (1934); *Villas at Parkside Partners*, 726 F.3d at 565 ("Historically, the police power extends so far as to include rent controls; building codes that regulate for the sake of safety or aesthetics; and excluding certain establishments, from liquor stores to topless clubs, from various areas.").

Similar to this action, Florida merchants challenged Florida's no-surcharge law. *See Dana's R.R. Supply v. Bondi*, Cause No. 4:14-CV-134-RH/CAS (N.D. Fla. September 2, 2014) (appeal pending Cause No. 14-14426 (11th Cir.)) (unpublished opinion). In upholding the no-surcharge law, *Dana's Railroad* concluded that Florida's prohibition of surcharges allows "a merchant to exact a higher price from a customer who pays with a credit card than from a customer who pays with cash." *Id.* at 1. The Florida law restricts how a merchant may go about charging that higher price, as a

merchant may set a baseline price of $102 and offer a $2 discount to cash customers, but cannot impose a $2 surcharge over a baseline price of $100 for customers paying with a credit card. *Id.* at 3-6. Similarly, the Texas Anti-Surcharge law prohibits a merchant from charging a customer more for the use of a credit card but is silent about a merchant's ability to charge customers less for paying with cash. Thus, the merchant's "price" that is posted is the highest price charged for an item; the only possible difference is that the ultimate price of an item may be less, should a merchant determine to offer a cash discount. In no event, however, will the price for an item be more than the posted price. By prohibiting merchants from charging an additional fee to customers using credit cards, the law effectively sets the maximum price for credit-card purchases as the posted price. No protected speech is implicated in this economic endeavor. Permitting one kind of pricing strategy (discounts for cash purchases) and forbidding another (surcharges on credit-card purchases) does not change the character of the regulation. In both instances, what is permitted or prohibited is a pricing practice.

The court concludes that the Texas Anti-Surcharge law is within the state's police power to regulate business and must be upheld as an economic regulation supported by a rational basis. *See, e.g., Nebbia*, 291 U.S. at 537 (explaining economic regulations upheld if they "have a rational relation to a proper legislative purpose, and are neither arbitrary nor discriminatory"); *see also Anderson v. Winter*, 631 F.2d 1238, 1240-41 (5th Cir. 1980) (quoting *Williamson v. Lee Optical of Oklahoma, Inc.*, 348 U.S. 483, 488 (1955)) ("If the challenged classification bears a reasonable relationship to the accomplishment of some legitimate governmental objective, the statute must be upheld.").

Further, "a State does not lose its power to regulate commercial activity . . . whenever speech is a component of that activity." *Ohralik v. Ohio State Bar Ass'n*, 436 U.S. 447, 456 (1978). The act of communicating a price does not necessarily bring the Anti-Surcharge law within heightened First Amendment strict-scrutiny review. *See, e.g., Ford Motor Co. v. Texas Dep't of Transp.*, 264 F.3d 493, 507 (5th Cir. 2001) (merchants cannot "bootstrap themselves into the heightened scrutiny of the First Amendment by infusing the prohibited conduct with some element of speech.") As the only speech implicated with regard to the Anti-Surcharge law is incidental to the regulated economic-pricing activity, the First Amendment does not protect it. *See Rumsfeld v. Forum for Academic and Institutional Rights*, 547 U.S. 47, 62 (2006). Further, any burden the Anti-Surcharge law may place on speech does not offend the First Amendment because Texas merchants remain free to discuss and convey otherwise lawful information about their prices and pricing activity in general. *See generally, National Assoc. of Tobacco Outlets, Inc. v. City of Providence*, 731 F.3d 71, 77 (1st Cir. 2013); *see also Roark & Hardee, LP v. City of Austin*, 522 F.3d 533, 550-51 (5th Cir. 2008) (rejecting First Amendment challenge to smoking ordinance as plaintiffs retained ability to express their views on regulation).

***Void-for-vagueness claim***

The merchants also challenge the Anti-Surcharge law as unconstitutionally vague as written, because the law fails to provide the kind of notice that will enable ordinary people to understand what conduct it prohibits, and may authorize or even encourage arbitrary and discriminatory enforcement because it fails to provide sufficient guidelines to enforcement officials.

An economic regulation that "does not reach constitutionally protected conduct" may be challenged on its face as unduly vague only if the challenger can demonstrate that the "law is

impermissibly vague in all of its applications." *Village of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 497 (1982). "A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid." *United States v. Robinson*, 367 F.3d 278, 290 (5th Cir. 2004) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)). Further, an economic regulation, such as the Anti-Surcharge law, "is subject to a more lenient vagueness test." *Village of Hoffman Estates*, 455 U.S. at 498.

On its face, the Anti-Surcharge law proscribes a single activity–the act of charging an additional fee for goods and services when a purchaser pays by credit card. The merchants acknowledge that Texas law forbids them from charging an additional fee for credit-card purchases. Further, even if there were some confusion, "the regulated enterprise may have the ability to clarify the meaning of the regulation by its own inquiry, or by resort to the administrative process." *See Ford Motor Co.*, 264 F.3d at 509; *see also Roark & Hardee LP*, 522 F.3d at 552. By inquiring of the Commissioner, the merchants may easily learn that the Anti-Surcharge law does not prohibit a merchant from informing a customer about the existence of a credit-card-transaction fee, the cost of credit, or expressing the merchant's view regarding the merchant's preferred pricing policy. The court concludes that the Anti-Surcharge law is simple and straightforward–it proscribes a single activity–charging more for a credit-card payment.

Additionally, the court finds that the law is explicit about the prohibited activity for enforcement purposes, which is the tacking of an additional charge to the price for a credit-card payment. The court concludes that the Anti-Surcharge law does not invite arbitrary or discriminatory enforcement.

*Conclusion*

The court concludes that the Anti-Surcharge law regulates economic conduct, not speech. Further, the court finds that the Texas Legislature, in deciding to prohibit credit-card surcharges, made a legitimate policy choice in regulating the economic activity of pricing, which is grounded on a rational basis. Further, the court concludes that the Anti-Surcharge law is not void for vagueness. Therefore,

**IT IS ORDERED** that Defendants' Motion to Dismiss Plaintiffs' Amended Complaint filed July 30, 2014 (Clerk's Document No. 31) by Defendant Leslie L. Pettijohn, in her official capacity as Commissioner of the Office of Consumer Credit Commissioner of the State of Texas is **GRANTED**.

**IT IS FURTHER ORDERED** that because the court has granted the Commissioner's motion, Plaintiffs' Motion for a Preliminary Injunction filed July 30, 2014 (Clerk's Document No. 32) is **DISMISSED AS MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' Amended Complaint is **DISMISSED WITH PREJUDICE**.

SIGNED this 4th day of February, 2015.

LEE YEAKEL
UNITED STATES DISTRICT JUDGE